UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61632-CIV-COHN/SELTZER

AUTONATION, INC.,

    Plaintiff,

v.

GAINSYSTEMS, INC.,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE

THIS CAUSE is before the Court upon the Defendant's Motion to Dismiss for Improper Venue [DE 17] and Motion to Transfer [DE 20]. The Court has carefully considered the motions, Plaintiff's responses [DE 26 and 27], Defendant's replies thereto [DE 31 and 32], and the various affidavits or declarations submitted by the parties.

### I. BACKGROUND

Autonation, Inc. ("Plaintiff or "Autonation") and Gainsystems, Inc. ("Defendant" or "Gainsystems") signed a contract for Gainsystems to provide Autonation with computer software and related services for an inventory forecasting system. Autonation is in the business of selling automobiles. After completing a pilot project for Autonation, Gainsystems and Autonation signed a contract on December 27, 2005. Pursuant to the contract, Autonation paid Gainsystems after certain benchmarks were reached, though the final products for Autonation to forecast inventory needs were never completed. In the fall of 2007, Autonation began making written demands for a finished product. In December 2007 or January of 2008, Autonation terminated the contract. Autonation

filed this action for breach of contract in this Court on October 10, 2008, alleging that Gainsystems breached the contract by failing "to deliver adequate inventory management software on a timely basis."  Compl. ¶ 24.

The parties' contract contained a unique forum selection clause.  Defendant has moved to dismiss this action for improper venue, or to transfer this action to the Northern District of Illinois, based upon its interpretation of the clause.  Plaintiff opposes the motions.

## II.  DISCUSSION

### A.  Motion to Dismiss for Improper Venue

After stating that Illinois law will govern their agreement, the venue clause in the parties' contract states:

> If Gainsystems is the breaching party, the sole and exclusive venue for any dispute arising hereunder shall be in the State and Federal courts located in and for Broward County, Florida.  If Autonation is the breaching party, the sole and exclusive venue for any dispute arising hereunder shall be in the State and Federal courts located in and for Dupage County, Illinois.  The parties hereby irrevocably consent to the jurisdiction of such courts.

Exhibit 1 to Complaint, ¶ 11(j).

Gainsystems argues in its Rule 12(b)(3) motion to dismiss for improper venue that the Court must engage in preliminary fact-finding as to who is the breaching party to follow the plain meaning of the forum selection clause.  Gainsystems then presents its fact-based arguments as to why it is not the breaching party but that Autonation is the breaching party.  The Court acknowledges that it has the authority under Rule 12(b)(3) to consider matters outside of the pleadings and make factual findings.  Bryant

v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008); Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1999).

On the other hand, Autonation argues that no such preliminary fact-finding is necessary, because the forum selection clause simply means that the party filing a breach of contract claim may do so in its home county. This interpretation would avoid having the parties waste their own litigation resources in having a mini-trial to determine venue, prior to commencement of merits discovery. Autonation asserts that where preliminary fact-finding begins to merge with an adjudication of the merits, a district court should not make such preliminary findings. Bryant, 530 F.3d at 1376.

In reply, Gainsystems argues that to simply conclude that the clause means that the party alleging breach could file at home would ignore the plain meaning of the venue clause, as the clause does not state "allegedly breaching party."[1] Gainsystems also asserts that it is Autonation that has the burden of proof to show that the clause allows this suit in Broward County (while Autonation argues that Gainsystems has the burden of proof for opposing such venue).

In general, the party seeking to defeat a valid forum selection clause exists bears the burden in seeking to change venue. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) ("We conclude that when a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify

---

[1] Although both parties assert that the clause is not ambiguous, they each argue that the other is the author of the provision if the Court determines that it is ambiguous.

retention of the dispute."). On the motion to dismiss, however, the Court's interpretation of the venue clause itself is at issue, not whether one venue is more convenient than the other.[2]

Autonation does argue that because the contract was drafted by Gainsystems, any ambiguity in the forum selection clause be construed against it as the drafter. Global Satellite Communication Co. v. Starmill U.K., Ltd., 378 F.3d 1269, 1274 (11th Cir. 2004). While most of the contract does read as though it is a Gainsystems form contract, Gainsystems has put forth evidence that the venue selection clause was specifically negotiated. Second Declaration of William H. Benton [DE 33]. The standard Gainsystems contract did not contain a forum selection clause. Autonation proposed a selection clause with Broward County, Florida as the sole venue. Exhibit A to Second Benton Declaration [DE 33, p. 5 of 20]. However, the final version contains compromise language with "the breaching party" being determinative of venue. Exhibit B [DE 33, p. 11 of 20]. Thus, it is unclear who drafted the final language, other than both parties' had input.

Upon consideration of both parties' argument, the Court reads this unique forum selection clause as meaning that the party filing an action for breach of contract may sue the other party in the plaintiff's home county. Despite the arguments of Gainsystems regarding its intent, this interpretation is far more rational than believing that the parties intended to waste their own litigation resources, as well as the Court's time, in having a mini-trial to determine venue, prior to commencement of merits

---

[2] That issue is discussed below with regard to Gainsystem's motion to transfer.

discovery. Unlike the caselaw cited by Gainsystems, this proposed fact-finding is not merely an issue of whether there is a valid contract containing a forum selection clause, but involves the ultimate question of breach. See Reply at pp. 6-7. Therefore, the Court will deny Gainsystems motion to dismiss for improper venue.

### B. Motion to Transfer

Gainsystems has filed a separate motion to transfer venue. A district court may transfer a case "for the convenience of the parties and witnesses, and in the interest of justice." 28 U.S.C. § 1404 (a).[3] In determining whether to transfer a case to another venue, courts rely on a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing forum; and (6) trial efficiency and expense to the justice system. See Gould v. National Life Ins. Co., 990 F. Supp. 1354, 1357-58 (M.D. Ala. 1998). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981), cert. denied, 456

---

[3] It is clear that this action could have been brought in the Northern District of Illinois, despite Autonation's arguments to the contrary. Opposition to Motion to Transfer at p. 2-4 [DE 27]. The fact that no federal court sits in Dupage County does not mean that this case could not be transferred to the Northern District of Illinois, the district that encompasses Dupage County.

U.S. 918 (1982)).[4]

Gainsystems argues that all of its witnesses are in Illinois, with third-party witnesses in Illinois and Texas. Gainsystems argues that as a small company with 35 employees, travel to Florida would be more disruptive to it than travel to Illinois would be for the much larger Autonation. However, Autonation points out that regardless of size, having its executives travel for court to Illinois is just as burdensome as Gainsystems' employees traveling to Florida. Gainsystems' stronger argument is that ten of its fourteen non-party witnesses are located in or near Illinois. It may not be able to compel these witnesses to attend trial in Florida. Autonation responds to this argument by noting that it too will rely on third-party witnesses, most of whom reside in Florida. This factor thus tips slightly toward Gainsystems.

Turning next to consideration of sources of proof and location of documents, this factor again is balanced between each sides' burden of changing venue. As for the relative ability of the parties to bear the expense of changing forum, this factor tips slightly toward Gainsystems, as the much smaller company based in Illinois. Finally, as to trial efficiency and expense to the justice system, as well as the public interest, this factor does not aid either side. Dockets in this Court are not backed up and the parties have already been litigating in this Court. The Court rejects Gainsystems' argument that Illinois courts have a greater interest in policing alleged breaches by Illinois

---

[4] As noted above, normally the party seeking to defeat a valid forum selection clause exists bears the burden in seeking to change venue. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). In this case, given the close decision on interpreting the forum selection clause, the Court will not impose a burden on either party because of the clause.

companies than Florida's interests in protecting its companies from alleged breaches.

This Court concludes that the balancing factors as a whole, though slightly tipping toward Gainsystems, do not outweigh Autonation's choice as plaintiff to litigate in Broward County.  The motion to transfer venue is therefore denied.

### III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion to Dismiss for Improper Venue [DE 17] is hereby **DENIED**;

2. Defendant's Motion to Transfer [DE 20] is hereby **DENIED**;

3. Defendant shall file an Answer to the Complaint by March 6, 2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of February, 2009.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

copies to:

counsel of record on CM/ECF